## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**VALERIE R. BATCHELOR,**

    **Plaintiff,**

**v.**                                                                                          Case No. 8:08-cv-144-T-30TGW

**TAMPA ELECTRIC COMPANY,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted (Dkt. 8). Plaintiff has failed to timely respond to Defendant's Motion. The Court, having considered the Motion and supporting memorandum without the benefit of a response, determines the motion should be granted.

Plaintiff, proceeding *pro se*, has alleged claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendant has moved for dismissal as Plaintiff's Complaint does not identify any protective characteristic for which she was discriminated against. While she asserts that she was retaliated against for filing an Equal Opportunity Commission Charge, Defendant argues she fails to sufficiently allege a causal connection between the protected activity and an adverse action. Furthermore, Defendant argues Plaintiff's Complaint fails to comport with the standards set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure.

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1959.

Upon review and consideration, the Court agrees with Defendant. Plaintiff's Complaint contains conclusions of law that are unsupported by enough facts to state a claim for relief that is plausible on its face. Pursuant to Fed.R.Civ.P. 8(a)(2), Plaintiff's Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, Fed.R.Civ.P. 10(b) requires a part to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rules 8(a)(2) and 10(b) "work together to require the pleader to present his claims discretely

and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, the court can determine that evidence which is relevant and that which is not." Davis v. Coca-Cola Bottling Co., 516 F.3d 955, 980 n. 57 (11th Cir. 2008).

Plaintiff's Complaint fails to present her claims discretely and succinctly as required by Davis. Accordingly, Defendant's Motion should be granted and her Complaint should be dismissed. However, the Court will grant her leave to amend her Complaint in accordance with the Federal Rules of Civil Procedure.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 8) is **GRANTED**.

2. This action is **DISMISSED without prejudice**.

3. Plaintiff shall have twenty (20) days to amend her Complaint in accordance with the Federal Rules of Civil Procedure, failing which this case shall be closed without further notice.

4. All pending motions are denied as moot.

**DONE** and **ORDERED** in Tampa, Florida on August 22, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-144.mtd.frm