# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**VALERIE R. BATCHELOR,** *pro se*,

    **Plaintiff,**

v.                                                    Case No. 8:08-cv-144-T-30TGW

**TAMPA ELECTRIC COMPANY,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Second Amended Complaint (Dkt. 16). Plaintiff has failed to timely respond to the motion. The Court, having thus considered the motion without the benefit of a response, determines it should be granted in part and denied in part.

## Background

Plaintiff, proceeding *pro se*, seeks to state claims for discrimination, retaliation, and harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"). The Court has previously dismissed Plaintiff's Complaint and Amended Complaint for failure to comport with the Federal Rules of Civil Procedure. Plaintiff has filed a Second Amended Complaint (Dkt. 15), and Defendant again moves for dismissal for failure to state a claim upon which relief may be granted (and failure to otherwise comport with the Federal Rules of Civil Procedure).

## **Motion to Dismiss Standard Under 12(b)(6)**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Court. at 1959.

## **Discussion**

Defendant argues Plaintiff's Complaint makes "sweeping assertions and groups alleged violations together while setting forth a confusing factual narrative which is not set-off in separate counts as required by Rule 10(b)," and that Plaintiff fails to state a valid claim for relief under Rule 8(a). The Court agrees that Plaintiff's Second Amended Complaint contains a confusing factual narrative. The majority of Plaintiff's claims will thus be again dismissed

for failure to comport with Rule 8.  However, the Court determines Plaintiff has adequately alleged a cause of action for retaliation under Title VII.

Under Title VII, it is unlawful for an employer to discriminate against an employee "because he has opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter of Title VII."  42 U.S.C. §2000e-3(a).  In order to establish a prima facie case of retaliation under Title VII, a plaintiff must show that: "(1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; (3) there was a causal connection between the protected activity and the adverse employment action."  Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008).

Plaintiff claims she filed EEOC charges against Defendant on September 25, 2006, for alleged harassment and retaliation.  Plaintiff further claims she faced discrimination and retaliation as a result of filing the charges.  Specifically, Plaintiff claims her supervisors became unresponsive, that she was informed she could not speak with her supervisors, and that she was presented with a picture of two ropes.  One of the ropes was stretched tightly and the other was in the form of a noose.  A caption written above the picture stated "Which do you choose?"  Plaintiff claims her supervisors were responsible for the picture.  According to Plaintiff, she filed another EEOC Complaint on October 4, 2006, and was terminated from her position on January 2, 2007.

Plaintiff has alleged she participated in a protected action by filing the EEOC charges.  In Crawford, the Eleventh Circuit adopted the "materially adverse" standard in considering

what constitutes an adverse employment action for purposes of Title VII retaliation claims. Crawford, 529 F.3d at 974. Under this standard and in this context, a materially adverse action "means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. Plaintiff has alleged the threatening picture of the two ropes and her ultimate termination were retaliation for the filing of the EEOC charges. Either of these actions could constitute "material adverse" employment actions under Crawford.

Accordingly, the Court concludes Plaintiff has sufficiently alleged a claim for retaliation under Title VII.[1] Plaintiff's remaining claims are dismissed without prejudice for failure to comply with Rule 8(a).

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Second Amended Complaint (Dkt. 16) is **GRANTED in part and DENIED in part** as set forth herein.

2. The parties are directed to file a Case Management Report within thirty (30) days of the date hereof.

**DONE** and **ORDERED** in Tampa, Florida on April 1, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-144.mtd second amended complaint.frm

---

[1] The Court does not conclude a causal connection exists between the alleged protected activities and adverse employment actions. Resolution of those issues is more appropriately addressed at the summary judgment stage or at trial.